IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **CLEVELAND HANKERSON,** : | |
| : | |
| Petitioner : | |
| : | |
| VS. : | CIVIL NO. 5:13-CV-0312-MTT-CHW |
| : | |
| **UNITED STATES OF AMERICA,** : | |
| : | |
| Respondent : | |

_____

# ORDER

Petitioner Cleveland Hankerson, a federal prisoner currently confined at the United States Penitentiary in Atlanta, Georgia, has filed an application for writ of habeas corpus. Although the caption of Petitioner's pleading cites 28 U.S.C. § 2255, the pleading is actually challenging the calculation of Petitioner's sentence, not the validity of his conviction. Inasmuch, Petitioner contends that the recent United Supreme Court decision in *Descamps v. United States*, ___ U.S.___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013) requires a recalculation, and possible reduction, of his sentence.[1]

A petition filed under 28 U.S.C. § 2241, rather than § 2255, is the appropriate means by which an inmate may challenge the Bureau of Prison's calculation and execution of his sentence. *See Bishop v. Reno*, 210 F.3d 1295, 1304 n. 14 (11th Cir. 2000). Federal courts, however, may "ignore the legal label that a *pro se* litigant attaches to a motion and re-characterize the motion in order to place it within a different legal category." *Castro v. United States*, 540 U.S. 375, 381, 124 S.Ct. 786, 791, 157

---

[1] *Descamps* held that courts may not apply the modified categorical approach to sentencing under the Armed Career Criminal Act when the crime of which the defendant was convicted has a single, indivisible set of elements. *See id*.

L.Ed.2d 778 (2003). The Court will therefore construe Petitioner's application to be one filed under § 2241.

However, when Petitioner's pleading is re-characterized, the proper venue for his filing changes. Although a § 2255 litigant is required to file his claim before the court that sentenced him, a § 2241 claim must be made in the federal district in which a claimant is confined. *See* 28 U.S.C. § 2255; *Westine v. Scott*, 356 F. App' x 254, 255 (11th Cir. 2009). Petitioner is presently confined in the Northern District of Georgia, and thus any petition for relief under § 2241 must be filed in that court.

For this reason, the present application will be **DISMISSED** without prejudice. Petitioner is directed to recast his petition on the standard form required in § 2241 cases and re-file this action in the United States District Court of the Northern District of Georgia. *See U.S. v. Kinsey*, 393 F. App'x 663, 664-65 (11th Cir. 2010). The Clerk of Court shall thus provide Petitioner with a copy of the form petition required in § 2241 cases. The interests of justice would not be served by a transfer of this action to the Northern District of Georgia. *See* 28 U.S.C. § 1631. Petitioner has not paid any portion of his filing fee in this Court and is already required to recast his pleading. It would be an unnecessary expenditure of judicial resources to have him recast in this Court only to then transfer his petition to the Northern District.

**SO ORDERED**, this 4th day of September, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

jlr